**STATE ex SCHNEIDER, Relator, v. BREWER, Judge, Respondent.**

Ohio Appeals, Eighth District, Cuyahoga County.
No. 21566. Decided February 27, 1950.

Woodle & Wachtel, Cleveland, for relator.
Ellis Rippner, Cleveland, for respondent.

### OPINION

By SKEEL, PJ.

This cause comes to this court on a petition seeking a writ of mandamus to compel the Judge of the Probate Court of Cuyahoga County to carry out a mandate of the Common Pleas Court of this County to appoint John Schneider, Administrator de bonis non of the estate of Anna Schneider. The petition in part alleges:

"One Anna Schneider, a resident of the County of Cuyahoga died on the 25th day of June, 1942. She was survived by, among other heirs, her husband John Schneider.

Letters of administration of the estate of Anna Schneider were issued to John Schneider by the defendant on July 16, 1942. As such administrator of the estate of Anna Schneider, deceased, John Schneider filed in the Court of Common Pleas of Cuyahoga County, a petition for a declaration of trust in certain real property. Said action is entitled —John Schneider, administrator of the estate of Anna Schneider, deceased, v. Nellie L. Lentzen,—and it was docketed as Cause No. 522250 on the docket of the Court of Common Pleas. The action was filed on the 24th day of August, 1942. John Schneider died on the 29th day of December, 1943. At the time of his death the estate of Anna Schneider, deceased, was still in the process of administration and the foregoing action instituted by John Schneider as administrator was still pending in the Common Pleas Court.

The relator herein thereupon filed in the Probate Court of Cuyahoga County an application for Letters of Administration de bonis non of the estate of Anna Schneider.

The relator is the son of John Schneider, deceased and as such succeeded to a portion of the interest of John Schneider in the estate of Anna Schneider, deceased. The defendant denied relator's application for Letters of Administration de bonis non. Thereupon an appeal was instituted by the relator to the Court of Common Pleas of Cuyahoga County. Said appeal was filed on the 8th day of January, 1945. The appeal was dismissed without a hearing on the merits on the 21st day of February, 1946."

The grounds for dismissal was that the appellant was not entitled to an appeal on questions of law and fact as provided by §10501-56 GC, as amended effective August 22, 1941. The petition further alleges:

"The dismissal of the appeal by the Common Pleas Court was reversed by the Court of Appeals of the Eighth Appellate District on the 18th day of February, 1947, and the cause was remanded to the Common Pleas Court to hear and determine the appeal on questions of law and fact.

On the 18th day of May, 1948, a finding and decree was issued by the court of common pleas whereby said court granted the application of relator herein for letters of administration de bonis non of the estate of Anna Schneider, deceased.

An appeal from that order of the Court of Common Pleas was taken to the Court of Appeals of the Eighth Appellate District and the order was affirmed by the Court of Appeals on the 7th day of March, 1949.

Thereafter a mandate was issued by the Court of Common Pleas to the Probate Court, directing that court to appoint the relator herein administrator de bonis non of the estate of Anna Schneider, deceased. Said mandate was as follows:

'This cause came on for hearing before this court upon an appeal upon questions of law and fact from the order of the probate court of Cuyahoga County and was submitted upon the application of the appellant, Frank P. Schneider, for letters of administration de bonis non, and upon a statement of facts agreed to by the parties and briefs of counsel.

Upon consideration whereof the court finds that the application of appellant should be and the same is hereby granted.

And it is ordered and directed that letters of administration de bonis non of the estate of Anna Schneider, deceased, be issued to Frank P. Schneider, appellant herein.

It is further ordered and directed that a special mandate be issued to the Probate Court of Cuyahoga County to carry into effect the judgment of this court herein.'

The said mandate has been filed in the Probate Court of Cuyahoga County and has been presented to the defendant as Judge of said court. The defendant has refused to obey the mandate of the Common Pleas Court as affirmed by the Court of Appeals of the Eighth Appellate District."

The answer of the respondent admits the historical fact allegations of the petition and then alleges:

"* * * that the appointment of an administrator de bonis non is jurisdictional and the refusal of the respondent to appoint such fiduciary raises solely a question of law and that the Common Pleas Court is without jurisdiction to entertain an appeal in the premises;

The respondent further alleges that the mandate heretofore issued by the common pleas court is contrary to the statutes of Ohio and the constitution of Ohio, in that the appointment of specific persons involves an act of judicial discretion which has been committed to the Probate Court to the exclusion of all other tribunals except to the extent that reviewing courts are given the authority to determine whether such discretion was properly exercised."

We are therefore presented with the question of whether upon an appeal on questions of law and fact from a refusal of the Probate Court to grant an application for the appointment of an administrator de bonis non when no record of

the proceeding in which such application was heard and overruled was taken, the court of common pleas is vested by law with the power to try such cause de novo and upon a proper showing direct the appointment of a person to act as such fiduciary.

The jurisdiction of the Probate Court is provided for by **Section 8 of Article IV of the Constitution of Ohio:**

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators and guardians and such other jurisdiction, in any county or counties as may be provided by law."

**Sec. 10501-53 GC** in part provides:

"Except as hereinafter provided, the probate court shall have jurisdiction:

1. To take proof of wills and to admit to record authenticated copies of wills executed, proved and allowed in the courts of any other state, territory or country. In case of the sickness or unavoidable absence of the probate judge, any common pleas judge may take proof of wills and approve bonds to be given, but the record of such acts must be preserved in the usual records of the probate court;

2. To grant and revoke letters testamentary and of administration.

3. To direct and control the conduct, and settle the accounts of executors and administrators and order the distribution of estates;

\* \* \*

13. To direct and control the conduct of fiduciaries and settle their accounts.

Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law.

The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court unless the power is expressly otherwise limited or denied by statute."

The jurisdiction of the Common Pleas Court is provided for by **Section IV of Article 4** which provides that it shall have such jurisdiction as is provided by law.

The jurisdiction of the Court of Appeals is provided for by **Section 6, Article IV** which in part provides:

"* * * The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo and appellate jurisdiction in the trial of chancery cases and to review, affirm, modify or reverse the judgments of the Courts of Common Pleas, superior courts and other courts of record within the district as may be provided by law, and judgments of the courts of appeals shall be final in all cases, except cases involving questions arising under the Constitution of the United States or of this state, cases of felony, cases of which it has original jurisdiction, and cases of public or great general interest in which the supreme court may direct any court of appeals to certify its record to that court."

This provision was amended effective Nov. 7, 1944 and as amended it provides in part:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo and such jurisdiction as may be provided by law to review, affirm, modify, set aside or reverse judgments or final orders of boards, commissions, officers or tribunals and of courts of record inferior to the courts of appeals within the district and judgments of the courts of appeals shall be final in all cases, except cases involving questions arising under the constitution of the United States or of this state, cases of felony, cases of public or great general interest in which the supreme court may direct any court of appeals to certify its record to that court. * * *."

The supreme court in the case of **Y. M. Ry. Co. v. Youngstown 147 Oh St 221,** held:

" "1. **Sec. 6 of Article IV of the Constitution of Ohio,** as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals.

2. Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted."

**Sec. 10501-56 GC** as amended effective August 22, 1941 in part provides:

"From any final order, judgment or decree of the probate court, an appeal on a question of law may be prosecuted to the court of appeals in the manner and within the time provided by law for the prosecution of such appeals from the court of common pleas to the court of appeals. For the purpose of prosecuting appeals on questions of law and of law and fact from the probate court, the probate court shall hereafter be deemed to be exercising judicial functions inferior only to the court of appeals and the supreme court. If for any reason a record has not been taken at the hearing of any matter before the probate court, so that a bill of exceptions or a complete record may be prepared as provided by law in courts of common pleas, then an appeal on questions of law and fact may be taken to the court of common pleas by a person against whom it is made or whom it affects, from any order, decision or judgment of the probate court in the manner provided by law for the prosecution of such appeal from the court of common pleas to the court of appeals. The court of common pleas shall advance said matter for hearing."

The first paragraph of the section deals with the subject of appeals on questions of law and fact from the probate court to the court of appeals in such cases as can be reviewed by it de novo.

It will be noted that the second paragraph of §10501-56 GC supra, deals entirely with appeals on questions of law. The part of the section drawn in question here is as follows:

"If, for any reason, a record has not been taken at the hearing of any matter before the probate court so that a bill of exceptions or a complete record may be prepared as provided by law in courts of common pleas, then an appeal on questions of law and fact may be taken to the court of common pleas by a person against whom it is made, or whom it affects, from any order, decision or judgment of the probate court in the manner provided by law for the prosecution of such appeal from the court of common pleas to the court of appeals. The court of common pleas shall advance said matter for hearing."

Sec. 12223-1 GC in part provides, in defining what is meant by an appeal on questions of law and fact, as follows:

"The (words) 'appeal on questions of law and fact' shall

be construed to mean a rehearing and retrial of a cause upon the law and the facts and shall include all the proceedings, heretofore and otherwise designated as an appeal and shall be the same as may be designated by the phrase 'appeal on questions of law.'"

Sec. 10501-53 GC was held constitutional in the case of In re Estate of Bates, 142 Oh St 622, wherein the court said:

"The provisions of §10501-56 GC (119 O. L. 396) that:
'If, for any reason, a record has not been taken at a hearing of any matter before the Probate Court so that a bill of exceptions or a complete record may be prepared as provided by law in courts of common pleas, then an appeal on questions of law and fact may be taken to the court of common pleas by a person against whom it is made, or whom it affects, from any order, decision or judgment of the probate court in the manner provided by law for the prosecution of such appeal from the court of common pleas to the court of appeals' is not violative of either Section 26 of Art. II or Section 6 of Art. IV of the state Constitution."

On page 623 of the opinion the court says:

"The question before the Probate Court in this case related to exceptions to the inventory and appraisement filed by an executor. It is not a chancery case. If there had previously been any basis for controversy relative thereto, it was definitely determined by the decision of this court in the case of Squire, Supt. of Banks v. Bates, 132 Oh St 161, 5 N. E. (2d) 690 where it is held in the first proposition of the syllabus as follows:
'The settlement of the account of a testamentary trustee in the probate court is not a chancery case and hence not appealable as such from the probate court to the court of appeals.'"

It is to be noted that the supreme court in holding §10501-53 GC constitutional, and in conferring jurisdiction on the common pleas court to hear an appeal on questions of law and fact under the conditions set forth in this section, was dealing with a case in which an appeal to the Court of Appeals on questions of law and fact could not be had. It was a law case and not a case in chancery and on page 627 of the opinion the court said:

"Appeal is thereby authorized to the Court of Common Pleas under the conditions therein prescribed, but the jurisdiction of the Court of Appeals as conferred by the Constitution is in nowise restricted or modified.

The general statutory provision which refers to the Probate Court as 'exercising judicial functions inferior only to the Court of Appeals and the Supreme Court' is limited by the specific provision here under consideration which was enacted at the same time and is contained in the same section. (118 O. L. 78.)"

The holding in the case of **In re Estate of Murnan, 151 Oh St 529,** which is relied upon by the respondent as supporting the contention that the appointment of an administrator is within the exclusive jurisdiction of the probate court is clearly distinguishable from the question now before us.

In that case, which was an appeal on questions of law to the court of appeals from an order fixing compensation due a fiduciary appointed by the probate court, it was held that the court of appeals was without jurisdiction to re-try the issues of fact and substitute its judgment for that of the probate court.

In the case before us the appeal to the common pleas court was upon law and fact which presents a wholly different question than that in the Murnan case, supra.

In the case of, **In the matter of the guardianship of Habant, 62 Oh Ap 522,** counsel had been allowed by action of the probate court certain attorney fees for professional services. The guardian on September 6, 1939, gave notice of appeal to the common pleas court of Lorain County on questions of law and fact, no record having been taken upon the hearing of such application; upon the authority of §10501-56 GC. On Sept. 8, 1939, an appeal was taken on law and fact to the court of appeals and a motion was filed in the court of appeals to dismiss the appeal on the ground that the common pleas court had acquired jurisdiction of the case. The court held:

"Where a litigant against whom a judgment is rendered in the Probate Court, perfects an appeal on questions of law and fact in the common pleas court, before bringing any proceedings in the court of appeals, and it appears that, under the circumstances existing the appeal was properly taken on questions of law and fact to the court of common pleas, such litigant thereby accomplishes a suspension of the judgment of the probate court and selects his forum and his remedy. He

cannot thereafter while said proceedings in the common pleas courts are pending, invoke the jurisdiction of the Court of Appeals to determine the correctness of the judgment of the Probate Court, which, by his act, has been suspended and which by judgment of the Common Pleas Court may be superseded."

From the foregoing authorities there can be no question but that the appeal of the refusal of the Probate Court of Cuyahoga County to grant the application of the relator to be appointed administrater de bonis non of the estate of Anna Schneider, was properly taken to the Common Pleas Court on questions of law and fact as provided by §10501-56 GC, supra. This court so held as reported in **In Re Estate of Schneider, 81 Oh Ap 233.**

The trial of said application upon the return of the mandate holding that the Common Pleas Court had jurisdiction to try the same proceeded as a trial de novo. The court reheard the application and upon the submission of the case after hearing the evidence and considering it in the light of law, entered a judgment and decree granting the relator's application as shown by the journal of that court, filed on May 18, 1948, which judgment was likewise on March 7, 1949, affirmed by this court. It is this judgment which the Probate Court now refuses to carry into effect.

The jurisdiction to hear an appeal de novo carries with it the power to enter any judgment or decree justified by the evidence and the law of the case as under the circumstances could have been entered by the court from which the appeal was taken. It therefore becomes the duty of the court from which the appeal was taken to carry out and enforce the judgment entered on appeal. This result, insofar as the subject of the judgment comes within the jurisdiction generally exercised by the Probate Court such as the appointment of an administrator and the like, comes within the exception to such Probate Court's exclusive jurisdiction as provided by §10501-53 GC, supra.

For the foregoing reasons the writ is allowed. Exceptions. Order see journal.

McNAMEE, J, HURD, J, concur.